UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT PHILLIP BENAVIDES, )
)
          Petitioner, )
)
    vs. )          CAUSE NO. 3:06-CV-133 PS
)
EDDIE BUSS, )
)
          Respondent. )

OPINION AND ORDER

Robert Phillip Benavides, a *pro se* prisoner, filed this habeas corpus petition attempting

to challenge his 180-day loss of good time credit ordered by the Disciplinary Hearing Board

("DHB") at the Indiana State Prison.  His principal argument is that he never got to call a witness

who saw the incident that led to the deprivation, and because there is a substantial question of

fact in that regard, we must hold a hearing to resolve the issue of who is telling the truth.

On November 17, 2005, Lieutenant Cambe was conducting a shakedown on Mr.

Benavides' cell. After the shakedown, Lieutenant Cambe wrote a conduct report charging Mr.

Benavides with a Class A-102 offense, battery with bodily fluids. The conduct report states:

> On November 17, 2005 at approximately 9:00 a.m., I was exiting cell A-419 from
> a shakedown (belonging to Benavides #967306). Benavides was on the range
> watching the shakedown of his cell. Benavides spit in my face as I was exiting his
> cell.

(Respondent's Resp., Exh. A., docket #21-2). On November 22, 2005, Mr. Benavides was given

written notice of the disciplinary hearing. (Respondent's Resp., Exh. B, docket #21-3). At that

time, Mr. Benavides requested a witness statement from Offender Byers and the video

surveillance tape, but he waived his twenty-four hour notice of the hearing. (*Id*.) On November

29, 2005, the DHB postponed the hearing because it did not yet have Offender Byers' statement.

(Respondent's Resp., Exh. H, docket #21-9). The hearing was rescheduled to December 6, 2005. (*Id.*) However, four days prior to the newly scheduled date – on December 2, 2005 – the DHB conducted the hearing and found Mr. Benavides guilty of battery with bodily fluids in violation of A-102. (Respondent's Resp., Exh. J1, docket # 21-11).

Benavides contends that his rights were violated when the DHB prevented him from calling Byers as a witness.  If one believes Benavides, his petition has substantial merit. This is because due process requires, among other procedural safeguards, that a prisoner be allowed to "call witnesses and present documentary evidence when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). While *Wolff* does not guarantee prisoners the unfettered right to call any witnesses or present any evidence they wish regardless of its relevancy, the hearing board "may not arbitrarily refuse to consider exculpatory evidence simply because other evidence in the record suggests guilt." *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). Although the hearing board need not explain to the inmate why it denied his request for evidence, it has the burden of proving to this court in a habeas corpus proceeding that its denial was not arbitrary or capricious. *Id*.

The parties do not dispute that Mr. Benavides properly requested a witness statement from Offender Byers. The parties also do not dispute that the DHB did not have Offender Byers' statement when it made its determination. In the report of disciplinary hearing, the DHB stated that "Offender Byers 985961 has had sixteen days to provide a statement for this conduct report. The DHB cannot force an offender to write a statement." (Respondent's Resp., Exh. J1, docket # 21-11). In his traverse, Mr. Benavides asserts that the DHB never tried to get Offender Byers'

2

statement. (Petitioner's Traverse, docket #22-4, page 2). Mr. Benavides also attaches Offender

Byers' affidavit that he "was never notified nor did [he] ever receive a witness form from D.H.B.

or the facility screening officer so I could give my statement for the defense of Mr. Benavides."

(Byers' Aff., docket #22-3).Mr. Benavides asserts that Offender Byers would have testified that

Lieutenant Cambe punched Mr. Benavides in the face and put him in a chokehold. Offender

Byers states that "at no time did Mr. Benavides pose a threat towards Lt. Cambe. I saw the

incident from start to finish. Lt. Cambe assaulted a man while he was in handcuff." (Attachment

to Byers' Aff., docket #22-3).

> In *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006) the court stated:
>
> Prison disciplinary boards are entitled to resolve conflicts in the stories presented to
> them, as long as "some evidence" supports the decision. But they are not entitled to
> prevent the prisoner from offering material evidence. If Johnson is telling the truth,
> that's exactly what this board did. An evidentiary hearing must be held to determine
> what happened.

Here, there is a conflict as to why Offender Byers did not provide this statement to the

DHB. The respondent asserts that Offender Byers simply failed to provide a statement in time.

Mr. Benavides asserts that the DHB never tried to get Offender Byers' statement and attaches an

affidavit supporting this allegation. Because there is a dispute over why Mr. Benavides' witness

statement was excluded from the disciplinary hearing, in accordance with *Johnson*, the court

must hold an evidentiary hearing on this issue.

In his second argument Mr. Benavides asserts that he requested, but was denied, the

videotape from the range. The parties do not dispute that Mr. Benavides properly requested the

videotape from the range. The DHB attempted to review the videotape. However, the DHB

discovered that the video was not working on the day of the incident, and thus, a videotape of the

3

incident did not exist at the time Mr. Benavides requested it. The DHB documented that it

attempted to view the tape but that the video was not working. (Respondent's Resp., Exh. E,

docket # 21-6). Mr. Benavides acknowledges that the DHB indicated that the tape did not exist.

However, Mr. Benavides questions why the DHB stated on the Report of Disciplinary Hearing

that it relied upon the video in finding him guilty. Mr. Benavides contends that if the tape did not

exist, how could the DHB have relied upon it? While the language in the DHB's forms do appear

to be somewhat inconsistent, it is clear that on the Report of Disciplinary Hearing, the DHB was

documenting that it had attempted to review the tape as requested, but that the other evidence

presented was sufficient to find Mr. Benavides guilty. The DHB did not arbitrarily deny Mr.

Benavides evidence because the requested evidence did not exist at the time Mr. Benavides

requested it. *Compare Piggie v. McBride*, 277 F.3d 922, 926 (7th Cir. 2002) (remanding a case

to determine whether the surveillance tape had been erased at the time the petitioner requested

it). Because the DHB attempted to review the videotape when Mr. Benavides requested it and

documented that the tape did not exist at that time, there was no due process violation.

Finally, Mr. Benavides contends that there was a due process violation regarding the

timing of his hearing because the DHB conducted the hearing on December 2, 2005 rather than

December 6, 2005. Under *Wolff*, written notice of the charges must be given to the petitioner

> in order to inform him of the charges and enable him to marshal the facts and
> prepare a defense. At least a brief period of time after the notice, no less than 24
> hours, should be allowed to the inmate to prepare for the appearance before the
> Adjustment Committee.

*Wolff*, 418 U.S. at 564.

Here, Mr. Benavides voluntarily waived his right to the twenty-four hour advance notice

of the hearing. (*See* Respondent's Resp., Exh. B, docket # 21-3). However, even if he had not

waived the requirement, Mr. Benavides was given adequate written notice of the charges against

him and had at least ten days to prepare his defense. Although his postponed hearing took place

on December 2, 2005 rather than on December 6, 2005, and despite the fact that Mr. Benavides'

witness had still not provided a statement, Mr. Benavides had ample opportunity to discern the

facts needed for his defense and to prepare the testimony that he would give on his own behalf.

Holding the hearing on December 2, 2005 rather than December 6, 2005 did not violate Mr.

Benavides' rights under *Wolff.*

For the foregoing reasons the court:

(1) **TAKES UNDER ADVISEMENT** Robert Phillip Benavides' petition on the issue of

whether the DHB denied him Offender Byers' statement;

(2) **DENIES** Robert Phillip Benavides' petition for writ of habeas corpus on the issues of

the videotape and the timing of the hearing; and

(3) **SETS** this matter for an in-court hearing on the issue of whether the DHB denied

Robert Phillip Benavides the opportunity to present Offender Byers' statement.  The hearing is

set for July 20, 2007 at 9:00 a.m.

(4) **ORDERS** the Superintendent of the Westville Correctional Facility to produce Mr.

Benavides, DOC # 967306, for the hearing.

(5) **ORDERS** the Superintendent of the Westville Correctional Facility to produce Mr.

Byers, DOC # 985961, to testify.  If the Westville Correctional Facility has video

teleconferencing capabilities, then Mr. Byers may testify via that method.  If not, then the

Westville Correctional Facility is ordered to produce Mr. Byers at the hearing.

(6) **ORDERS** the Clerk of the Court to send a copy of this order to Bill Wilson,

Superintendent, Westville Correctional Facility.

**SO ORDERED**.

ENTERED: April 19, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
